IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRUIST BANK, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:21-CV-116 (MTT) |
| KALUMIAH ENTERPRISE, LLC, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Truist Bank has moved for default judgment against Defendants Kalumiah Enterprise, LLC, Carlo Lacombe, and Danika Lacombe.  Doc. 9.  For the following reasons, the motion is **GRANTED**.

### I. BACKGROUND

On October 7, 2019, Kalumiah took out a $630,300 loan and executed a United States Small Business Administration Note made payable to Truist.  Docs. 1 ¶¶ 9-10; 1-1.  Carlo Lacombe and Danika Lacombe both guaranteed the loan and executed "U.S. Small Business Administration Unconditional Guarant[ees] … in favor of Truist dated October 7, 2019."  Docs. 1 ¶¶ 11-12; 1-3; 1-4.  Kalumiah defaulted on the loan by failing to repay it as it became due.  Doc. 1 ¶ 14.  Further, Kalumiah admitted in writing that it was unable to pay its debts and was discontinuing its business.  *Id*. ¶ 15.  Carlo Lacombe and Danika Lacombe also defaulted by failing to pay the amount owed on the loan as required by their guarantees.  *Id.* ¶¶ 16-17; 1-3; 1-4.

Truist sent a letter to each defendant on February 10, 2021 providing notice of the default and the opportunity to cure their default by February 20, 2021.  Docs. 1 ¶ 18; 1-5.  The defendants failed to cure, and on April 12, 2021, Truist filed suit against the defendants, seeking to recover the amount due on the loan, interest, fees and costs, and attorneys' fees.  Doc. 1 at 6.  On April 13, 2021, Kalumiah and Carlo Lacombe were served with a summons and a copy of the complaint; Danika Lacombe was served two days later.  Docs. 5; 6; 7.  Each of the defendants has failed to plead or otherwise defend the suit.  On May 7, 2021, the Clerk entered default against the defendants, and Truist has now moved for default judgment.  Doc. 9.

## II. DISCUSSION

### A. Standard

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise."  After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  The Court must hold an evidentiary hearing to determine damages unless all the essential evidence is already in the record.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("We have held that no such hearing is required where all essential evidence is already of record."); *see also* Fed. R. Civ. P. 55(b)(2) ("The court *may* conduct hearings[.]" (emphasis added)).

After the Clerk's entry of default, a defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, an entry of default against the defendant does not establish that the plaintiff is entitled to a default judgment. The defendant is not deemed to admit facts that are not well-pleaded or conclusions of law. *Id*. "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law. In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)). The defendant is also not deemed to admit the plaintiff's allegations relating to the amount of damages. *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); see also *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters.").

## B. Jurisdiction and Liability

The allegations in the complaint establish that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Doc. 1 ¶¶ 1-5. The allegations in the complaint also establish that the Court has personal jurisdiction over each of the defendants. *Id*. ¶ 6.

A party claiming breach of contract under Georgia law has the burden of establishing: (1) the subject matter of the contract, (2) consideration, and (3) mutual

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

assent by the parties to the contract terms.  *Imps. Serv. Corp. v. GP Chems. Equity, LLC*, 652 F. Supp. 2d 1292, 1300 (N.D. Ga. 2009).  "Once a contract is shown, the elements of a right to recover for the breach of said contract are (1) the breach and (2) the resultant damages to the party who has the right to complain about the contract being broken."  *Id.* (internal quotation marks and citation omitted).  In an action to recover amounts due on promissory notes under Georgia law, a plaintiff is entitled to judgment as a matter of law if the record shows that the promissory notes were executed by the defendant and that the defendant is in default, unless the defendant produces or points to evidence in the record that establishes an affirmative defense.  *Secured Reality Inv. v. Bank of N. Ga.*, 314 Ga. App. 628, 629, 725 S.E.2d 336, 338 (2012); *see also Collins v. Regions Bank*, 282 Ga. App. 725, 726, 639 S.E.2d 626, 627 (2006).

Here, the allegations in the complaint and the documents attached, deemed admitted by the defendants, establish that Truist has a right to recover the amount specified in the promissory note, loan agreement, and guarantees.  Doc. 1 ¶¶ 9-20; Docs. 1-1; 1-2; 1-3; 1-4; 1-5.

### C. Damages

An evidentiary hearing is not necessary to determine damages because all the evidence necessary is in the record.  The evidence shows that the defendants are liable to the plaintiff for $631,154.37 in principal, interest, and fees.[2]  Docs. 1 ¶¶ 23, 26; 1-1; 1-2; 1-3; 1-4; 9-1 ¶ 21.

---

[2] The defendants owe $605,229.68 for the principal balance; $21,556.46 in interest through May 12, 2021; $981.96 in per diem interest beginning May 13, 2021 ($70.14 per day for fourteen days); and $3,386.27 in returned payment fees, appraisal/evaluation fees, and late charges.  Docs. 1 ¶¶ 23, 26; 1-1; 1-2; 1-3; 1-4; 9-1 ¶ 21.

### D. Attorneys' Fees

Pursuant to O.C.G.A. § 13-1-11(a), "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness … shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity." If the promissory note provides for attorneys' fees in an unspecified amount, as here, "such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note … and 10 percent of the amount of principal and interest owing thereon in excess of $500.00." O.C.G.A. § 13-1-11(a)(2). A party seeking to collect attorneys' fees allowed by this statute must give the debtor written notice after maturity, and the notice must state the debtor has ten days to pay the principal and interest due without being liable for attorneys' fees. O.C.G.A. § 13-1-11(a)(3). If all these requirements are met, the provision for attorneys' fees is enforceable. *TermNet Merch. Servs., Inc. v. Phillips*, 277 Ga. 342, 344, 588 S.E.2d 745, 747 (2003).

The complaint, which was properly served on each defendant, gave the defendants notice of Truist's intent to seek attorneys' fees. The complaint stated that if the defendants "do not pay the outstanding principal and accrued interest owing on the Note and Guarantees within ten (10) days of service … Defendants shall be liable to Truist for its reasonable attorneys' fees, pursuant to O.C.G.A. § 13-1-11." Doc. 1 ¶ 28. Because they did not pay the outstanding principal and interest, the defendants are liable to Truist for attorneys' fees in the amount of 15% of $500 and 10% of $627,268.10. Thus, the defendants are liable for $62,801.81 in attorneys' fees.

## III. CONCLUSION

The plaintiff's motion for default judgment (Doc. 9) is **GRANTED**. The defendants are liable for $631,154.37 for principal due on the loan, accrued interest, and fees. The defendants are also liable for attorneys' fees in the amount of $62,801.78. Finally, the defendants are liable to Truist for court costs in the amount of $402. In total, the defendants are liable to Truist for **$694,358.15**. Post-judgment interest is applicable to the judgment at the rate specified under 28 U.S.C. § 1961. Execution on the judgment and proceeding to enforcing it are not stayed pursuant to Rule 62(a) of the Federal Rules of Civil Procedure.

**SO ORDERED**, this 26th day of May, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT